

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00301-CR

**EX PARTE CHRISTOPHER RUBEN ZAVALA**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CR-6759
The Honorable Sid L. Harle, Judge Presiding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:   December 11, 2013

AFFIRMED

Christopher Ruben Zavala appeals the denial of his pretrial habeas corpus petition asserting that Penal Code section 33.021(c), which prohibits online solicitation of a minor, is unconstitutional on its face. TEX. R. APP. P. 31. We affirm the trial court's order.

### ANALYSIS

Zavala is charged with three counts of online solicitation of a minor in violation of section 33.021 of the Penal Code. TEX. PENAL CODE ANN. § 33.021 (West 2011). The statute provides in relevant part:

> (b)  A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet,

---

[1] The Honorable Sid L. Harle is the presiding judge of the 226th Judicial District Court, Bexar County, Texas. The pretrial application for a writ of habeas corpus was referred to the Honorable Andrew W. Carruthers, criminal magistrate judge, Bexar County, Texas, who signed the order denying habeas corpus relief.

by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:

(1) communicates in a sexually explicit manner with a minor; or

(2) distributes sexually explicit material to a minor.

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(b), (c). Count I charges Zavala with violating subsection (c) by knowingly soliciting over the Internet by electronic communication a minor to meet him, with the intent that the minor would engage in deviate sexual intercourse and/or sexual intercourse with him. *Id.* § 33.021(c). Counts II and III charge him with violating subsection (b) on two separate occasions by intentionally communicating over the Internet by electronic communication in a sexually explicit manner with a minor, with the intent to arouse or gratify his sexual desire. *Id.* § 33.021(b). Subsection (d) of the statute states that it is not a defense to prosecution under subsection (c) that: "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." *Id.* § 33.021(d).

Zavala filed a pretrial habeas corpus petition, asserting that the intent element of a section 33.021(c) offense (Count I) is negated by the defense preclusion in subsection (d)(2) which prohibits a defendant from asserting he "did not intend for the meeting to occur" as a defense against a subsection (c) offense. *Id.* § 33.021(d)(2). Zavala argued that subsections (c) and (d) contradict each other on the intent element, thereby causing the statute to be internally inconsistent and unconstitutional on its face. The trial court referred the matter to the criminal magistrate judge,

who held a hearing and denied habeas corpus relief. The magistrate judge found that the statute is constitutional on its face. Zavala brought this interlocutory appeal.

The State initially responds that Zavala's habeas petition is insufficient because it does not state that he is illegally restrained in any manner and it is not sworn to by either Zavala or his attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 11.14 (West 2005) (stating requirements for a habeas corpus petition). An applicant must be illegally restrained in his liberty to be entitled to habeas corpus relief. TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). The record reflects that after his indictment and arrest, Zavala was released on bond pending trial. Therefore, Zavala's liberty is restrained within the meaning of article 11.22 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.22 (West 2005) (defining "restraint"); *Ex parte Weise*, 55 S.W.3d at 619. As to the absence of a verification on Zavala's petition, that defect is not jurisdictional. *Ex parte Golden*, 991 S.W.2d 859, 861-62 (Tex. Crim. App. 1999) (article 11.14 does not limit habeas corpus jurisdiction, it provides pleading requirements). The Court of Criminal Appeals recently reiterated that, in the context of both habeas petitions and motions for new trial, the absence of a verification does not prevent the trial court from acting or the appellate court from reviewing the trial court's action. *Druery v. State*, No. AP-76,833, ___ S.W.3d ___, 2013 WL 5808182, at *7 (Tex. Crim. App. Oct. 30, 2013) (citing *Ex parte Golden*, 991 S.W.2d at 861). Therefore, although Zavala's habeas corpus petition is not properly verified, we are not jurisdictionally barred from considering the merits of the issue addressed by the trial court and raised in this appeal. Particularly where there are no disputed facts and the habeas petition raises an issue that is purely a matter of law, as Zavala's does, the interests of judicial economy weigh in favor of addressing the merits of the petition even though it is unverified.

Before we reach the merits of Zavala's claim, however, we must determine the threshold issue of whether Zavala's claim is cognizable through a pretrial habeas corpus petition. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). "[A] pretrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy,' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Id.* (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). A pretrial habeas generally may not be used to challenge the sufficiency of the indictment or to construe the meaning and application of the criminal statute defining the charged offense. *Ex parte Ellis*, 309 S.W.3d at 79. A pretrial habeas may, however, be used to raise a claim that the statute under which an applicant is being prosecuted is unconstitutional on its face. *Id.* (also stating that pretrial habeas may not be used to bring an as-applied challenge to statute's constitutionality); *Ex parte Weise*, 55 S.W.3d at 620. When an applicant contends that a criminal statute is facially unconstitutional, he is contending that there is no valid statute and that the charging instrument is therefore void. *Ex parte Weise*, 55 S.W.3d at 620.

Here, Zavala's argument is that section 33.021 is unconstitutional on its face due to an internal inconsistency within the statutory language. As such, the nature of Zavala's claim is a facial challenge to the constitutionality of the statute rather than an as-applied challenge phrased as a facial challenge. *See Ex parte Ellis*, 309 S.W.3d at 79-80 (noting that party's mere assertion that challenge to statute's constitutionality is facial challenge, rather than as-applied challenge, is not by itself determinative, and court must look to true nature of claim). Zavala asserts that, due to a contradiction between subsections (c) and (d) as to the required intent, the statute is

unconstitutionally vague in all of its applications.[2] *See id.* at 80 (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). Therefore, a pretrial habeas petition is the appropriate procedural vehicle for Zavala's argument that the statute is facially unconstitutional, and we may reach the merits of the issue.

Whether a statute is facially unconstitutional is a question of law which we review de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). In determining the constitutionality of a statute that does not restrict speech based on its content, we begin by presuming the statute is valid, and that the legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Lo*, ___ S.W.3d ___, No. PD-1560-12, 2013 WL 5807802, at *1 (Tex. Crim. App. Oct. 30, 2013) (noting that subsection (c) of section 33.021 restricts conduct, not speech, and that "offers to engage in illegal transactions [such as sexual assault of a minor] are categorically excluded from First Amendment protection"); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Under the principles of statutory construction, we construe the statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results the legislature could not have intended. *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In determining a statute's plain meaning, we read the words and phrases in context, and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). If we can determine a reasonable construction that will render the statute constitutional, we must uphold the statute. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) (if statute is

---

[2] Because Zavala only attacks the constitutionality of subsections (c) and (d) of section 33.021, his challenge is limited to Count I of the indictment.

capable of two constructions, one of which sustains its validity, court will apply interpretation sustaining validity). The party challenging the statute has the burden to establish it is unconstitutional. *Rodriguez*, 93 S.W.3d at 69.

We do not agree with the premise of Zavala's challenge to the constitutionality of the statute—that subsections (c) and (d)(2) of section 33.021 are contradictory. According to the plain text of the statute, the gravamen of the offense defined by subsection (c) is the knowing ***solicitation*** of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person. TEX. PENAL CODE ANN. § 33.021(c). The prohibited conduct is the act of "soliciting." *Id.* Indeed, in analyzing the constitutionality of subsection (b), the Court of Criminal Appeals recently stated that the gravamen of the solicitation-of-a-minor offense defined by subsection (c) is "the *conduct* of requesting a minor to engage in illegal sexual acts," as opposed to the "sexually explicit" communication, i.e., speech, prohibited by subsection (b). *Ex parte Lo*, 2013 WL 5807802, at *2. Further, the court examined the 2005 legislative history of the statute, noting that, "[t]he intent expressed in the bill analyses, the committee hearings, and the floor debate was that the crime of solicitation of a minor on the internet is complete at the time of the internet solicitation, rather than at some later time if and when the actor actually meets the child." *Id.* at *5. The crime of soliciting a minor under section 33.021(c) is committed, and is completed, at the time of the request, i.e., the solicitation. *Id.* The requisite intent arises within the conduct of soliciting the minor, and must exist at the time of the prohibited conduct of solicitation. *Id.* Indeed, it is the requirement that the defendant must solicit "with the intent that the minor will engage in sexual contact" that operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct. It follows then, that for purposes of a subsection (c) solicitation offense, it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend

for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation. TEX. PENAL CODE ANN. § 33.021(d). Thus, subsection (d) does not conflict with or negate the intent element of the solicitation-of-a-minor offense defined by (c).

In contrasting subsection (c) with subsection (b), the court in *Ex parte Lo* explained that such solicitation-of-a-minor statutes like subsection (c) have been routinely upheld as constitutional in virtually all states because "offers to engage in illegal transactions [such as sexual assault of a minor] are categorically excluded from First Amendment protection." *Ex parte Lo*, 2013 WL 5807802, at \*2 (internal citations omitted). The court also noted that the First Court of Appeals has upheld the facial constitutionality of subsection (c) against a First Amendment-based challenge. *Id.* (citing *Maloney v. State*, 294 S.W.3d 613, 625-29 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd)). In *Maloney*, the court rejected arguments that section 33.021(d) violates the First Amendment because it is overly broad in that it prohibits the lawful conduct of engaging in fantasy and unconstitutionally vague in that it fails to define "fantasy." *Maloney*, 294 S.W.3d at 625-29.

## CONCLUSION

Based on the foregoing reasons, we conclude that section 33.021(c) and (d) are not contradictory, and that Zavala's challenge to the facial constitutionality of the statute on that basis is without merit. Thus, Count I of the indictment is valid and we affirm the trial court's order denying Zavala's petition for habeas corpus relief.[3]

Rebeca C. Martinez, Justice

PUBLISH

---

[3] We note that under *Ex parte Lo* it appears that Counts II and III must be dismissed. *Ex parte Lo*, 2013 WL 5807802, at \*3.