In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00551-CR
_____


EX PARTE DAVID LEE VICTORICK

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-11-12323 CR
_____

MEMORANDUM OPINION

Appellant David Lee Victorick ("Victorick") is charged by indictment with

the offense of online solicitation of a minor under section 33.021(c) of the Texas

Penal Code, a second-degree felony.[1] *See* Tex. Penal Code Ann. § 33.021 (West

2011). The indictment in this case is as follows:

> David Lee Victorick, the Defendant, on or about June 02, 2013, . . .
> did then and there, knowingly solicit by text message, K.E., a minor,
> to meet the defendant, with the intent that K.E. would engage in

[1]Victorick was originally charged by indictment with the offense of online solicitation in violation of section 33.021(b) of the Texas Penal Code, but he was re-indicted under subsection (c).

1

sexual contact and sexual intercourse and deviate sexual intercourse with the defendant. . . .

Section 33.021 of the Texas Penal Code is entitled "Online Solicitation of a Minor." Subsection (c) provides that:

> A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c). In section 33.021(a)(1), "minor" is defined as:

> (A) an individual who represents himself or herself to be younger than 17 years of age; or
> (B) an individual whom the actor believes to be younger than 17 years of age.

*Id*. § 33.021(a)(1).

Victorick filed a pretrial application for a writ of habeas corpus challenging the facial constitutionality of the statute. The trial court judge denied the application. On appeal, Victorick raises seven issues. In issues one through five, he contends that section 33.021(c) is unconstitutionally overbroad, vague and an impermissible content-based restriction under both the Texas and United States Constitutions. In issues six and seven, he contends the statute lacks a *mens rea* requirement, fails to "recognize" an affirmative defense for Victorick, and violates the Due Process Clause of the Fourteenth Amendment of the United States

2

Constitution, as well as the Due Course of Law provision of the Texas Constitution. We find no merit to Victorick's challenges, and we affirm the ruling of the trial court.[2]

### Standard of Review

Ordinarily, when reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, No. PD-1560-12, 2013 WL 5807802, at *2 (Tex. Crim. App. Oct. 30, 2013); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. Crim. App. 2009) (citing *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). The party challenging the statute normally carries the burden to establish the statute's unconstitutionality. *Rodriguez,* 93 S.W.3d at 69. We shall uphold the statute if there is a reasonable construction that renders it constitutional. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979).

A content-based restriction punishes speech based upon its content. *See Ex parte Lo*, 2013 WL 5807802, at *1. If the statutory provision in question is content-based, then the ordinary statutory presumptions do not apply, the statute will be "presumed invalid," and the State must rebut that presumption. *Id.* "The Supreme Court applies the 'most exacting scrutiny to regulations that suppress,

---

[2]Victorick also filed with this Court a Request for Emergency Stay and Petition for Writ of Mandamus and Writ of Prohibition in Cause No. 09-13-00550-CR, which we denied.

disadvantage, or impose differential burdens upon speech because of its content.'" *Id*. (quoting *Turner Broadcasting Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642 (1994)). On the other hand, if the statute punishes conduct rather than speech, the courts apply a "rational basis" level of review to determine if the statue has a rational relationship to a legitimate state purpose. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

A statute may be invalidated if it is unconstitutionally overbroad or vague. Before a statute will be invalidated on its face as overbroad, the overbreadth must be real and substantial when "judged in relation to the statute's plainly legal sweep." *Id*. A statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional application. *See In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd). As to a vagueness challenge, statutes are not necessarily unconstitutionally vague merely because the words or terms employed in the statute are not specifically defined. *See Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). When the words used in a statute are not otherwise defined in the statute, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999). Under the void-for-vagueness doctrine, the statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know

what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006).

Victorick makes a facial challenge to the statute and he must therefore prove the statute is unconstitutional in every application, and that it could never be constitutionally applied to any defendant under any set of facts or circumstances. *State v. Rosseau,* 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Santikos v. State,* 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Whether a criminal statute is facially unconstitutional is a question of law that we review *de novo*. *See Ex parte Lo*, 2013 WL 5807802, at *1 (Tex. Crim. App. Oct. 30, 2013); *Maloney*, 294 S.W.3d at 626. If we determine there is a reasonable construction that will render the statute constitutional, we must uphold the statute. *Tarlton v. State*, 93 S.W.3d 168, 175 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

<u>Issues One through Five</u>

In his first five issues, Victorick raises interrelated challenges to the facial constitutionality of subsection (c) of section 33.021. In issues one, three, and five, he contends that section 33.021(c) is unconstitutionally overbroad and vague under the First, Fifth, and Fourteenth Amendments to the United States Constitution and under Article I, Section 8 of the Texas Constitution. In issues two and four, he contends that subsection (c) "criminalizes a substantial amount of harmless speech

5

between adults" that is protected under the First Amendment to the United States Constitution and under Article I, Section 8 of the Texas Constitution. Victorick further contends that subsection (c) fails to give fair notice of the conduct that is forbidden.

According to the plain wording in subsection (c), the conduct punishable by subsection (c) is the "knowing" solicitation of a "minor" with the intent that the minor will engage in some form of sexual contact with that person or another person. Tex. Penal Code Ann. § 33.021(c). Accordingly, the solicitation-of-a-minor offense defined by subsection (c) is "the *conduct* of knowingly soliciting a minor to engage in illegal sexual acts[,]" as opposed to the "sexually explicit" communication, i.e., speech, prohibited by subsection (b). *See Ex parte Lo*, 2013 WL 5807802, at *2.

In *Lo*, the Court of Criminal Appeals applied strict scrutiny to subsection (b) of section 33.021 (the Online Solicitation Statute). The Court determined that subsection (b) is content-based. *Id*. at *1. Utilizing a "strict scrutiny" review, the Court concluded that subsection (b) is unconstitutionally "overbroad because it prohibits a wide array of constitutionally protected speech and is not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse." *Id*. Notably, the Court explained in *Lo* that unlike subsection (b),

6

subsection (c) punishes **conduct** rather than the content of speech alone. *Id.* at

**2-7. In analyzing section 33.021 (b) the Court specifically contrasted (b) to

subsection (c):

> *1. Section 33.021(c): Solicitation of a Minor.*
> Section 33.021 of the Texas Penal Code is titled "Online Solicitation
> of a Minor." It includes subsection (c)—a provision that prohibits and
> punishes an actor who uses electronic communications to "solicit" a
> minor, "to meet another person, including the actor, with the intent
> that the minor will engage in" certain sexual behavior. Such
> solicitation statutes exist in virtually all states and have been routinely
> upheld as constitutional because "offers to engage in illegal
> transactions [such as sexual assault of a minor] are categorically
> excluded from First Amendment protection." Thus, it is the *conduct* of
> requesting a minor to engage in illegal sexual acts that is the
> gravamen of the offense. The First Court of Appeals previously
> upheld the constitutionality of the Texas online-solicitation-of-minors
> statute. That specific provision is not at issue in this case, but it
> provides an excellent contrast to the provision that is at issue.

*Id*. at *2 (footnotes omitted). The indictment in the instant case is under subsection

(c) and we conclude it punishes conduct rather than the content of speech alone.

Furthermore, we find that the statute has a rational relationship to a legitimate and

compelling state interest. *See Broadrick*, 413 U.S. at 615.

The United States Supreme Court has stated that the "prevention of sexual

exploitation and abuse of children constitutes a government objective of surpassing

importance." *New York v. Ferber,* 458 U.S. 747, 757 (1982). *Lo* contains a similar

observation:

7

There is no question that the State has a right—indeed a solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators. In upholding the constitutionality of Section 33.021(c)—the offense of online solicitation—the First Court of Appeals stated that "[t]he prevention of sexual exploitation and abuse of children addressed by the Texas online solicitation of a minor statute constitutes a government objective of surpassing importance." Indeed it does. The statute prohibits internet communications with a minor that solicit an illegal sex act.

Many states have enacted statutes aimed at preventing the dissemination of "harmful" materials to minors and solicitation of minors over the internet. Courts all across the United States have upheld these statutes. They share either of two characteristics: (1) the definition of the banned communication usually tracks the definition of obscenity as defined by the Supreme Court in *Miller v. California*; or (2) the statutes include a specific intent to commit an illegal sexual act, i.e., the actor intends to "solicit" or "lure" a minor to commit a sexual act.

*Ex parte Lo*, 2013 WL 5807802, at *4 (footnotes omitted).

Subsection (c) includes a *mens rea*. A person commits an offense under the statute if the person "knowingly solicits" a "minor" to meet another person with the "intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse[.]" Tex. Penal Code Ann. § 33.021(c). "[T]he compelling interest of protecting children from sexual predators is well served by the solicitation-of-a-[minor] prohibition in subsection (c)." *Ex parte Lo*, 2013 WL 5807802, at *5. The Supreme Court and federal appellate courts have upheld online solicitation statutory provisions that prohibit online solicitation of a minor to engage in sexual acts. *See, e.g., United States v. Williams*, 553 U.S. 285, 297-307

8

(2008); *United States v. Hornaday*, 392 F.3d 1306, 1308-1311 (11th Cir. 2004); *United States v. Dhingra*, 371 F.3d 557, 559 (9th Cir. 2004); *United States v. Bailey*, 228 F.3d 637, 639-40 (6th Cir. 2000).

Because subsection (c) punishes conduct, we reject Victorick's argument that this case involves a "content based" restriction on speech. Accordingly, we apply the ordinary presumptions to subsection (c). We begin by presuming the statute is valid, and that the legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Lo*, 2013 WL 5807802, at *1. Within that framework, we address the overbreadth and vagueness arguments.

In *Lo*, the Court cited with approval the decision of the First Court of Appeals in *Maloney v. State*, which held that subsection (c) was neither overbroad nor vague. *See Ex parte Lo*, 2013 WL 5807802, at **2, 4 (citing *Maloney*, 294 S.W.3d 613). In *Maloney*, the defendant, a 47-year-old male, was convicted of online solicitation of a minor. *Maloney*, 294 S.W.3d at 616. Maloney entered an online chat room and corresponded with "Brandy," a 13 year old. *Id.* Unknown to Maloney, Brandy was actually an online persona created by a detective in Kemah. *Id.* Over the course of several days and hours of online chats Maloney expressed his desire to meet Brandy and to have sex with her. *Id.* at 616-17. When Maloney showed up for the meeting, he was arrested and then charged

9

with the offense of online solicitation of a minor under section 33.021(c). *Maloney*, 294 S.W.3d at 617-18. Maloney argued at trial that he believed he was conversing with an adult and they were only playing out a "fantasy." *Id.* at 618, 626-29. The jury convicted Maloney of the offense and Maloney appealed. *Id.* at 618.

In one of his issues on appeal, Maloney urged the appellate court to find that section 33.021(c) is unconstitutionally overbroad because it infringes upon his freedom of speech and right to privacy. *Maloney*, 294 S.W.3d at 625. He argued that subsection (c) is unconstitutionally vague because the statute fails to define the term "fantasy." *Maloney*, 294 S.W.3d at 625. The First Court of Appeals concluded that section 33.021(c) is neither unconstitutionally overbroad nor unconstitutionally vague. *See Maloney*, 294 S.W.3d at 628-29; *see also Alamia v. State*, Nos. 05-12-00992-CR & 05-12-00993-CR, 2014 WL 474632, at **6-9 (Tex. App.—Dallas Feb. 5, 2014, no pet. h.) (Definition of "minor" in Texas Online Solicitation Statute is not unconstitutionally overbroad.); *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, no pet.) (upholding the constitutionality of subsection (c) and citing to both *Maloney* and *Lo* for authority).

Victorick contends that the statutory definition of "minor" is both overbroad and vague. Victorick claims the definition is so broad that it includes constitutionally protected communications between adults. He argues that, "as

10

defined in this statute, a minor is not a minor, much less a child, or a person under the full age of legal responsibility, or even a person who is actually under 17 years of age." We overrule his arguments and conclude that the definition of "minor" is not unconstitutionally overbroad or vague. *See Alamia*, 2014 WL 474632, at **6-9.

The legislative intent in the statute was to permit law enforcement officers to discover and intercept sexual predators before the predator makes actual contact with a child. *See* Criminal Justice Comm., Senate Research Ctr., Bill Analysis, Tex. H.B. 2228, 79th Leg., R.S. (July 27, 2005). Additional legislative history from the Committee Report (House Research Organization) summarizes the views of the bill's supporters:

> Usually individuals go through a series of "grooming" steps when soliciting sex with a child through the Internet. This process begins with befriending a child online, developing trust, then engaging in sexually explicit conversation, and finally meeting with the child. By criminalizing online sexually explicit communication with a child, the bill would allow law enforcement to stop an offender before the offender could injure the child. It also would serve as a deterrent to potential offenders.

House Research Org., Bill Analysis for House Criminal Jurisprudence Comm., H.B. 2228, 79th Leg., R.S. (April 11, 2005). The definition of "minor" utilized by the legislature is inclusive of circumstances where either the recipient provides notice to the offender that the recipient is younger than 17 years old or where the

offender holds the belief that the recipient is younger than 17 years old. *See* Tex. Penal Code Ann. § 33.021(a)(1).

Given the State's "solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators," the State has a legitimate and compelling interest in protecting children from predators, and the statute provides this protection by allowing the State to prosecute such predators. *See Ex parte Lo*, 2013 WL 5807802, at *4. The fact that the statute defines "minor" to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the "overbreadth," if any, would not be substantial when compared to the compelling and legitimate purpose of the statute. Furthermore, Victorick has failed to establish that the statute is unconstitutional in all of its applications. *See Rosseau*, 396 S.W.3d at 557.

Victorick also argues that the statute fails to provide fair warning of the scope of the prohibited conduct, that the statute lacks a definition of the use of the word "internet," and that there is no guidance in the statute about how one might "represent[] himself or herself" to be under the age of 17. Victorick includes in his brief some hypothetical scenarios to further his arguments.

12

"[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 800 (1984). And, merely because the statute might not define the words therein does not mean the statute is void for vagueness when, as here, the criminal offense is described with sufficient definiteness that ordinary people can understand what conduct is prohibited. *See Holcombe*, 187 S.W.3d at 499. Although the statute may lack a definition of the word "Internet," a person of ordinary intelligence is able to understand what conduct is prohibited by reading the statute in question and by applying the ordinary meaning of the word "Internet." Furthermore, the word "Internet" should be read in conjunction with the remainder of the sentence which also expressly prohibits a knowing solicitation of a minor to engage in sexual acts if that solicitation is "over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service." Victorick contends that the statute as written is an unconstitutional restraint upon speech because it would "criminalize" a communication of speech which occurs via a "Voice Over Internet Protocol." We disagree. The statutory provision at issue criminalizes the conduct of the solicitation of a minor to engage in sexual acts, by transmission over the Internet or by any other electronic means and that would

13

necessarily include the use of a VOIP. The prohibited behavior is sufficiently clear and subsection (c) would give an ordinary person "adequate notice" that such conduct is a criminal offense. *Maloney*, 294 S.W.3d at 629.

As to an overbreadth challenge under the First Amendment, the United States Supreme Court has recognized that the "overbreadth doctrine" involves balancing the effects of the statute on protected speech with the otherwise legitimate and necessary prohibition of antisocial behavior that has been made criminal. *See Williams*, 553 U.S. at 292.

> In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be *substantial,* not only in an absolute sense, but also relative to the statute's plainly legitimate sweep. Invalidation for overbreadth is ""“strong medicine”"" that is not to be "casually employed."

*Id*. (internal citations omitted). Section 33.021(c) unambiguously provides that a person is prohibited from "knowingly" soliciting a minor "over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service . . . with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c). There is no constitutionally protected right to solicit sexual contact with a recipient who represents that he or she is younger than 17 or a recipient who, the actor believes, is younger than 17, or

14

who is actually younger than 17. Victorick has failed to establish that the statute is unconstitutional as applied to him. *See Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). Furthermore, he has not satisfied his burden to prove the statute is unconstitutionally vague, either as applied to him or in all respects. We hold that section 33.021(c) is not unconstitutionally overbroad or vague, and we conclude that the statute provides fair notice of the prohibited conduct. We overrule issues one through five.

### Issues Six and Seven

In issues six and seven, Victorick contends that the statute is a "strict liability" statute because it lacks a *mens rea* requirement and is therefore unconstitutional under the Due Process Clause of the Fourteenth Amendment and under the Due Course of Law Clause of the Texas Constitution. He further argues that section 33.021(c) fails to allow for a defendant to raise the defense that he had a reasonable belief that the complaining witness was "17 years of age or older at the time of the alleged offense." We overrule points six and seven.

Section 33.021(c) contains a *mens rea* requirement. The State must prove that the defendant "knowingly solicited" a "minor" to meet another person with the intent that the "minor" would engage in sexual activity. The requirement that "the defendant must solicit 'with the intent that the minor will engage in sexual contact'

15

. . . operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct." *Ex parte Zavala*, 421 S.W.3d at 232. Accordingly, we disagree with Victorick's argument that section 33.021(c) "does not require a culpable mental state in so far as the actual age of the [minor] solicited is concerned." We also reject Victorick's argument that the statute is unconstitutional because it violates the due process clause and due course of law provision in that it prevents him from asserting a mistake-of-fact defense concerning the complaining witness's age.

As we have noted, subsection (a) of section 33.021 defines "minor" as "(A) an individual who represents himself or herself to be younger than 17 years of age; or (B) an individual whom the actor believes to be younger than 17 years of age." We note that in the clerk's record in No. 09-14-00112-CR, a separate appeal filed by Victorick in the present case, Victorick acknowledges in his Application for Writ of Habeas Corpus that the recipient of the alleged communications was a family member.[3] Victorick has not asserted in the record before us that he did not know the age of the alleged victim, or that she represented herself to be an adult, or

---

[3]In No. 09-14-00112-CR, Victorick filed a motion requesting that this Court "take judicial notice of the Record in Docket No. 09-13-00551-CR or to consolidate the records in both cases[.]" An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly same parties. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987).

16

that he believed she was 17 or older. Therefore, Victorick has failed to meet his burden under *Rosseau*. *See Rosseau*, 396 S.W.3d at 557. We conclude that the statute does not violate the Due Process Clause. Victorick states in his appellate brief that "due course" and "due process" are without meaningful distinction, and he does not articulate a separate legal analysis under the Due Course of Law provision. Nevertheless, we conclude the statute does not violate the Due Course of Law provision for the same reasons as outlined herein. We overrule issues six and seven.

We hold that section 33.021(c) is not unconstitutional and we affirm the trial court's ruling denying Victorick's request for habeas relief.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 4, 2014
Opinion Delivered May 21, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.