**Opinion issued April 12, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00925-CR

———————————

## EX PARTE TERRY LYNN SPIES, Appellant

---

### On Appeal from the 337th District Court
### Harris County, Texas
### Trial Court Case No. 1343443-A

---

## MEMORANDUM OPINION

Appellant, Terry Lynn Spies, appeals from the trial court's denial of his application for a writ of habeas corpus. Appellant contends that the trial court abused its discretion by denying his application because section 33.021(c) of the Texas Penal Code is unconstitutional as applied to him, in light of *Ex parte Lo*, 424 S.W.3d

10 (Tex. Crim. App. 2013), and *Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014). We affirm.

## Background

Appellant was charged with the felony offense of online solicitation of a minor by knowingly soliciting by electronic mail the complainant "an individual who represented himself to be younger than seventeen years of age to meet the [appellant] with the expectation that the Complainant would engage in sexual contact with the [appellant]." *See* TEX. PENAL CODE ANN. § 33.021(c) (West Supp. 2015). On November 12, 2013, appellant pleaded guilty to the offense alleged in the complaint. The trial court deferred an adjudication of guilt and placed appellant on community supervision for a term of five years.

On July 1, 2014, appellant filed his verified application for a writ of habeas corpus, contending that he was placed on deferred adjudication "for the offense of Online Solicitation of a Minor pursuant to Texas Penal Code Section 33.[021](b)" and was entitled to habeas relief because the Texas Court of Criminal Appeals had determined in *Ex parte Lo* that section 33.021(b) was unconstitutional. The State responded that the *Ex parte Lo* holding did not apply in this case because appellant was charged under section 33.021(c), not section 33.021(b), and no authority supported his request for relief under section 33.021(c).

The trial court denied appellant's application for habeas relief. The trial court also signed findings of fact and conclusions of law. In part, the trial court found:

9.     [Appellant] was charged under subsection (c), the luring statute, and the charging instrument specifically sets out the elements of "solicitation of a minor" under subsection (c), the luring statute. It is the conduct of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense under subsection (c), distinctly different from the speech only offense proscribed in subsection (b).

10.    [Appellant] is not entitled to relief under Ex Parte Lo. Texas Penal Code section 33.021(c) has not been held unconstitutional. This Court does not find that Texas Penal Code Section 33.021 (c) is unconstitutionally overbroad or vague, nor that it prohibits any constitutionally protected actions.

**Standard of Review**

We review a trial court's ruling on a habeas corpus application for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing a trial court's decision to deny habeas relief, we review the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We afford almost total deference to the trial court's findings of fact that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004)). However, if the resolution of

3

those ultimate questions turns on an application of legal standards absent any credibility issue, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d at 819. We will uphold the trial court's judgment on any theory of law applicable to the case. *Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, pet. ref'd).

## Discussion

On appeal, appellant contends that the trial court abused its discretion in denying his habeas application because Texas Penal Code section 33.021(c) as applied to him is unconstitutional in light of *Ex parte Lo*. Specifically, relying on *Ex parte Lo*, appellant asserts that his online speech was constitutionally protected because, "although he 'agreed to meet the underage minor', he never followed through."

Appellant, however, did not raise in the trial court the argument that he raises in this Court. In his habeas application, appellant asserted that he was placed on deferred adjudication for the offense of online solicitation of a minor pursuant to section 33.021(b) and his case was identical to the issues adjudicated in *Ex parte Lo*. Relying on *Ex parte Lo* and *Ex parte Chance*, appellant contended that he was entitled to habeas relief because he "was placed on Deferred Adjudication for an offense that has been declared unconstitutional." He did not argue in the trial court

4

that the statute is unconstitutional as applied to him because he "never followed through."

Because his argument in the trial court does not comport with his argument in this Court, we conclude that appellant has not preserved his argument for our review. *See* TEX. R. APP. P. 33.1; *see also Ex parte Evans*, 410 S.W.3d at 485 (citing *State v. Romero*, 962 S.W.2d 143, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.)) (declining to consider argument that appellant did not raise in application for writ of habeas corpus in trial court).

Nevertheless, to the extent appellant's complaint has preserved any issue for our review, we conclude that appellant has not shown that the trial court abused its discretion in denying the requested habeas relief. Appellant contends that the trial court abused its discretion because Texas Penal Code section 33.021(c) as applied to him is unconstitutional because a statute may be valid as applied to one set of facts and invalid as applied to another. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) ("A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances.").

Appellant was charged with, and pleaded guilty to, an offense of online solicitation of a minor under section 33.021(c) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 33.021(c). The complaint, which the State attached to its

5

response in the trial court, states that appellant was charged with knowingly soliciting by electronic mail "an individual who represented himself to be younger than seventeen years of age to meet the [appellant] with the expectation that the Complainant would engage in sexual contact with the [appellant]." The complaint reflects that the complainant was an investigator with the Harris County Constable's Office who used "the undercover persona of a fourteen year old female" and appellant communicated with the officer "through his undercover persona to set up a meeting for sex."

Appellant's reliance on *Ex parte Lo* does not support his contention that his online speech was constitutionally protected because "he never followed through" with a meeting. In *Ex parte Lo*, the Texas Court of Criminal Appeals considered a constitutional challenge to section 33.021(b)—"the 'sexually explicit communications' provision." *Ex parte Lo*, 424 S.W.3d at 14. At the time appellant committed the alleged offense, section 33.021(b) provided:

> A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
>
> (1) communicates in a sexually explicit manner with a minor; or
>
> (2) distributes sexually explicit material to a minor.

Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, sec. 33.021(b), 2007 Tex. Gen. Laws 1167–68 (amended 2015) (current version at TEX. PENAL CODE § 33.021(b)).[1] The section prohibited and punished only speech. *See Ex parte Lo*, 424 S.W.3d at 20. The Texas Court of Criminal Appeals concluded that the provision was unconstitutionally overbroad because it restricted and punished a type of speech, sexually explicit, based on content and was not narrowly drawn to effectuate a compelling state interest. *Id.* at 14.

In contrast to the speech regulation attempted in section 33.021(b), section 33.021(c) focuses on "the *conduct* of requesting a minor to engage in illegal sexual acts." *Id.* at 17 (emphasis in original). Section 33.021(c) provides:

> A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(c); *see* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021(a)(1), 2005 Tex. Gen. Laws 4050 (defining "minor" to include "individual who represents himself or herself to be younger than 17 years of age" or

---

[1] Subsections (a), (b), (d), and (e) of section 33.021 were amended effective September 1, 2015. *See* Act of May 5, 2015, 84th Leg., R.S., ch. 61, § 1, sec. 33.021(a), (b), (d), 2015 Tex. Gen. Laws 1036 (current version at TEX. PENAL CODE § 33.021(a), (b), (d), (e)). The amendments apply only to offenses committed on or after September 1, 2015. *Id.* § 3.

"individual whom the actor believes to be younger than 17 years of age"); *see also Ex parte Wheeler*, No. 01-14-00868-CR, 2015 WL 5770850, at *3 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, pet. ref'd) (citing *Maloney v. State*, 294 S.W.3d 613, 627–28 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd)) (holding that section 33.021(c) is not unconstitutionally overbroad). Under section 33.021(c), "[t]he prohibited conduct is the act of 'soliciting.'" *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, pet. ref'd) (citing TEX. PENAL CODE ANN. § 33.021(c)).

Further, in *Ex parte Zavala*, the San Antonio court of appeals concluded that, under section 33.021(c), it did not matter that the meeting did not occur. 421 S.W.3d at 232. In analyzing the intent required to commit an offense under section 33.021(c), the court stated:

> [I]t is the requirement that the defendant must solicit "with the intent that the minor will engage in sexual contact" that operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct. It follows then, that for purposes of a subsection (c) solicitation offense, it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation.

*Id.* at 232 (citing Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021(d), 2005 Tex. Gen. Laws 4050) (amended 2015) (current version at TEX. PENAL CODE § 33.2(d)); *see Ex parte Wheeler*, 2015 WL 5770850, at *4 (construing section

8

33.021(c) to require proof of specific intent to meet at time of solicitation). Given that the gravamen of an offense under section 33.021(c) is the conduct of soliciting a minor to engage in sexual conduct, to which appellant pled guilty, we conclude that appellant has not shown that section 33.021(c) is unconstitutional as applied to his particular facts and circumstances. Accordingly, we overrule appellant's two issues on appeal.

## Conclusion

We affirm the trial court's order.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring.

Do not publish.   TEX. R. APP. P. 47.2(b).

9