

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00225-CR

## EX PARTE MICHAEL REIGHLEY

**From the 413th District Court
Johnson County, Texas
Trial Court No. F49732**

## MEMORANDUM  OPINION

Michael Dale Reighley appeals the trial court's denial of his pretrial application for writ of habeas corpus in which he requested the trial court to declare Section 33.021 (c) & (d)  of the Texas Penal Code unconstitutional.  We affirm.

In his sole issue on appeal, Reighley argues that the trial court erred in denying his pretrial writ of habeas corpus because Section 33.021 (c) and (d) of the Texas Penal Code are facially unconstitutional.   When  presented  with  a  challenge  to  the constitutionality of a statute, we generally presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily.  *Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App.2002); *Horhn*

*v. State*, 481 S.W.3d 363, 372 (Tex.App. – Houston [1ˢᵗ Dist.] 2015, pet. ref'd). The party challenging the statute has the burden to establish its unconstitutionality. *Ex parte Lo*, 424 S.W.3d at 15; *Rodriguez v. State*, 93 S.W.3d at 69. To prevail on a general, facial challenge to the constitutionality of a criminal statute, the challenger must show that the statute always operates unconstitutionally, in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex.Crim.App.2013); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex.Crim.App.2011); *Horhn v. State*, 481 S.W.3d at 372. We must consider the statute only as it is written, rather than how it operates in practice. *State ex rel. Lykos*, 330 S.W.3d at 908.

Reighley was charged with the offense of online solicitation of a minor under Section 33.021 of the Texas Penal Code. At the time of the offense, Section 33.021 provided:

> (c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

> (d) It is not a defense to prosecution under Subsection (c) that:

>> (1) the meeting did not occur;
>> (2) the actor did not intend for the meeting to occur; or
>> (3) the actor was engaged in a fantasy at the time of commission of the offense.

Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws. 4049, 4050. Effective September 1, 2015, the Texas Legislature amended Section 33.021 and removed subsections (d) (2) and (d) (3). Acts 2015, 84th Leg., ch. 61 (S.B. 344).

Reighley argues that subsections (c) and (d) contradict each other on the intent element, thereby causing the statute to be internally inconsistent and unconstitutional on its face. Reighley contends that the legislative amendments removing subsections (d) (2) and (3) support his arguments.

The Court of Criminal Appeals addressed the constitutionality of Section 33.021 and noted that subsection (c) prohibits and punishes an actor who uses electronic communications to "solicit" a minor, "to meet another person, including the actor, with the intent that the minor will engage in" certain sexual behavior. *Ex parte Lo*, 424 S.W.3d at 16-17. The Court stated that "it is the conduct of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense." *Ex parte Lo*, 424 S.W.3d at 17.

The San Antonio Court of Appeals addressed the issue brought by Reighley that subsections (c) and (d) are inconsistent in *Ex Parte Zavala*, 421 S.W.3d 227 (Tex.App.-San Antonio 2013, pet. ref'd). *Zavala* was decided before the 2015 amendments to Section 33.021. The court held that subsections (c) and (d) of Section 33.021 are not contradictory. *Ex Parte Zavala*, 421 S.W.3d at 231. The court quoted from *Ex parte Lo* in its holding and stated:

> The crime of soliciting a minor under section 33.021(c) is committed, and is completed, at the time of the request, i.e., the solicitation. The

requisite intent arises within the conduct of soliciting the minor, and must exist at the time of the prohibited conduct of solicitation. Indeed, it is the requirement that the defendant must solicit "with the intent that the minor will engage in sexual contact" that operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct. It follows then, that for purposes of a subsection (c) solicitation offense, it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation. TEX. PENAL CODE ANN. § 33.021(d). Thus, subsection (d) does not conflict with or negate the intent element of the solicitation-of-a-minor offense defined by (c). (citations omitted)

*Ex Parte Zavala*, 421 S.W.3d at 232.

We agree with the analysis in *Zavala* and conclude Section 33.021(c) and (d) are not contradictory. We further find that the amendments deleting subsections (d) (2) and (3) clarify that the offense in subsection (c) is completed at the time of the solicitation and that it does not matter what happens after the solicitation occurs because the offense has been completed. We overrule Reighley's sole issue on appeal.

We affirm the trial court's order denying Reighley's petition for habeas corpus relief.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 12, 2016
Do not publish
[OT06]

