

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-18-00127-CR

**EX PARTE** Leonardo **NUNCIO**

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2017 CVJ 002365-C1
Honorable Hugo Martinez, Judge Presiding

Opinion by:    Beth Watkins, Justice
Dissenting Opinion by: Liza A. Rodriguez, Justice

Sitting:      Patricia O. Alvarez, Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2019

I agree with and join in the portion of the majority's opinion overruling Nuncio's argument that sections 42.07(a)(1) and (b)(3) of the Texas Penal Code are unconstitutionally overbroad. The statute's "plain legitimate sweep" is limited to protecting a victim from "obscene" communications intended to harass, annoy, alarm, abuse, torment, or embarrass. As articulated by the majority, obscenity is not protected speech and the statute is not overbroad in violation of the First Amendment.[1]

I respectfully disagree, however, with the majority's holding that the statute is not unconstitutionally vague. I would hold that under the current language of the statute, there are too many commonplace scenarios in which "a person of ordinary intelligence" would not have fair

---

[1] I agree with the majority that we are bound by the Supreme Court's definition of obscenity in *Miller v. California*, 413 U.S. 15, 24 (1973), and are precluded from overturning *Miller*.

notice of what conduct the statute prohibits until *after* an arrest is made. *See Wagner v. State*, 539 S.W.3d 298, 313 (Tex. Crim. App. 2018) (to comply with due process, a criminal statute must provide a person of ordinary intelligence with fair notice of the prohibited conduct). "A statute satisfies vagueness requirements if the statutory language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *Id.* at 314 (quoting *Jordan v. De George*, 341 U.S. 223, 231-32 (1951)). Under the current statutory language, everyday conduct which is not usually considered criminal under general social norms could be criminalized without adequate notice. For example, a solicitous social communication between two people in a bar could include obscene comments or requests intended to embarrass or harass the other, or heated arguments between significant others could include obscene comments intended to annoy, torment, or embarrass the other. Both examples constitute conduct that could be considered criminal under section 42.07(a)(1) as drafted. As in *Long v. State*, where the court held that the "stalking" provision of the 1993 harassment statute was unconstitutionally vague on its face, the current statute continues to suffer from the same issues of impermissible vagueness. *See Long v. State*, 931 S.W.2d 285, 297 (Tex. Crim. App. 1996).

In addition, as argued by Nuncio, section 42.07(a)(1) fails to clearly identify the victim of the intended harassment. Unlike subsections (a)(2) and (a)(3), which identify the harassment victim as "the person receiving" the threat or the false report, subsection (a)(1) does not specify who is the victim of the intended harassment by obscenity. *Cf.* TEX. PENAL CODE ANN. § 42.07(a)(1) with *id.* § 42.07 (a)(2), (a)(3). Thus, the reach of subsection (a)(1) is not limited to "the person receiving" an obscene communication made with intent to harass the recipient, but could be extended to a situation in which the defendant makes an obscene comment to one person but his intent is to harass a different person, i.e., "another." Such vagueness gives law enforcement

too much discretion with respect to enforcement of the statute and thus violates due process.  *See Wagner*, 539 S.W.3d at 313.

In order to satisfy due process, section 42.07(a)(1) needs more specificity to place a "person of ordinary intelligence" on fair notice of what conduct could be construed as a violation of the statute.  I would therefore hold that the harassment by obscenity statute is unconstitutionally vague in all of its applications, *i.e.*, on its face.  *See id.* at 314 ("In the context of a challenge to a statute that does not regulate protected speech, a court should uphold a vagueness challenge only if the statute is impermissibly vague in all of its applications.").  Accordingly, I would grant Nuncio's pretrial application for writ of habeas corpus because the statute under which he was charged is void for vagueness.  *See Ex parte Zavala*, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd).

For these reasons, I respectfully dissent.

Liza A. Rodriguez, Justice

PUBLISH