

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00097-CR

_____

JOHN GESS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2021-422,658, Honorable William R. Eichman II, Presiding

October 28, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, John Gess, was convicted by the trial court of online solicitation of a minor and sentenced to confinement for four years.[1] By a sole issue, he maintains the evidence is insufficient to support his conviction. We affirm.

---

[1] TEX. PENAL CODE ANN. § 33.021(b)(1).

## BACKGROUND

Texas Department of Public Safety Agent Khalid Khatib was conducting a sting operation in Lubbock. He posed as a fourteen-year-old girl on a social media application and posted a photo. Appellant responded "wanna get a room?" The two communicated via text message for six days. The agent asked open-ended questions intended to solicit certain responses. Appellant's replies became sexually explicit and described sexual acts he would perform if he had a girlfriend. The agent indicated "I've never done anything like this" and Appellant sent a text suggesting "Let's just meet today." A date was set, and plans were made to meet in the parking lot of a laundromat in Lubbock. Appellant was arrested at the location.

## ANALYSIS

By a sole issue, Appellant contests the sufficiency of the evidence to support his conviction because the State failed to show he intended to commit sexual assault of a minor. He also challenges the sufficiency of the evidence to show Lubbock County was the proper venue for prosecution of the offense. We disagree.

### STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all

2

evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

## STANDARD OF REVIEW—VENUE

The State is required to prove venue by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17; *Huynh Le v. State*, No. 07-22-00287-CR, 2023 Tex. App. LEXIS 5752, at *3 (Tex. App.—Amarillo Aug. 2, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Edwards v. State*, 97 S.W.3d 279, 285 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)). Unless venue is disputed in the trial court, or the record affirmatively shows the contrary, a court of appeals must presume "venue was proved in the trial court." TEX. R. APP. P. 44.2(c)(1).[2] Evidence is sufficient to prove venue if "from the evidence the [trier of fact] may reasonably conclude that the offense was committed in the county alleged." *Edwards*, 97 S.W.3d at 285 (citing *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964)).

---

[2] Venue is not implicated in a sufficiency-of-the-evidence review to prove the statutory elements and does not require acquittal in a sufficiency review. *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). A venue error is reviewed for non-constitutional harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Id.* at 40.

## ANALYSIS

Appellant contends the intent of the conversation between he and Agent Khatib was to meet on the agreed date, not to engage in any sexual acts. Thus, he claims the State failed to prove he intended to commit sexual assault of a child. We find his argument has no merit for two reasons. First, online solicitation of a minor is complete at the time of the solicitation on the Internet and not at some later time if and when the two meet. *Ex parte Lo*, 424 S.W.3d 10, 23 (Tex. Crim. App. 2013). Second, Appellant's argument disregards critical comments he made in his text messages. For example, when the agent asked, "What all do you think we'll do if we ever meet," Appellant acknowledged his belief the girl was underage but nevertheless replied, "I would go slow with you." "I want to introduce you to everything." "I want to be your first for everything." He also asked, "[h]ave you ever had oral performed on you" and "[h]ave you ever had your tits sucked on"? When the agent replied "no," he responded, "[y]ou'll love it."

Posing as a young girl, the agent claimed to be a virgin to which Appellant responded, "I would never hurt you I am gonna take special care of your body and your heart." Hypothetically, he described explicit sexual acts he would perform if he had a girlfriend. A few days after the explicit texts, Appellant discussed meeting the girl with whom he believed he had been communicating.

During his interview with law enforcement, Appellant denied any intent to sexually assault the person with whom he had been exchanging text messages. The messages, however, expressed an intent to commit sexual acts with a girl whom he believed was fourteen years old. Although he stated "[w]e can't do anything today just meet," the

requisite intent arose at the time of the solicitation of a minor. *Reighley v. State*, 585 S.W.3d 98, 108 (Tex. App.—Amarillo 2019, pet. ref'd) (citing *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, pet. ref'd)).

Regarding venue, Appellant contends Agent Khatib did not specify geographical parameters for the application used in the sting operation. His cell phone has a Raleigh, North Carolina area code, and he was in the military which he argues created an inference he could have been living anywhere.

Article 13.19 of the Texas Code of Criminal Procedure provides that when an offense is committed within the State and it cannot readily be determined in which county, trial may be held in the county in which the defendant is apprehended. TEX. CODE CRIM. PROC. ANN. art. 13.19. Article 13.25, which applies to computer crimes prohibited by chapter 33 of the Penal Code, provides in part that prosecution is proper in any county in which the defendant had control or possession of "material used in furtherance of the offense." *Id.* at art. 13.25(2)(B).

During the sting operation, Agent Khatib asked Appellant where he was from, and he replied "Lubbock kinda." The evidence showed that Appellant was arrested in a parking lot at a laundromat in Lubbock County. It also showed he had control and possession of his cell phone which he used to facilitate the offense in Lubbock County. There was sufficient evidence for the trier of fact to reasonably conclude the offense was committed in Lubbock County. Moreover, because the record does not affirmatively show another county was the proper venue, we must presume venue was proven in the trial court. *See* TEX. R. APP. P. 44.2(c)(1). We conclude the evidence is sufficient to support

5

Appellant's conviction and that venue was proper in Lubbock County. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.