In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00018-CR
_____

DONALD GANUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 15-04-04161-CR

_____

OPINION

The State charged Donald Ganung with online solicitation of a minor. Ganung filed a motion to quash the indictment, in which he argued that section 33.021 of the Texas Penal Code is unconstitutionally overbroad and vague, and violates the First, Sixth, and Fourteenth Amendments. The trial court denied Ganung's motion to quash. In two appellate issues, Ganung maintains that section 33.021 is unconstitutional. We affirm the trial court's judgment.

1

Under section 33.021(c), a person commits the offense of online solicitation of a minor when "the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code Ann. § 33.021(c) (West Supp. 2016). At the time of Ganung's offense, the statute defined "minor" as "an individual who represents himself or herself to be younger than 17 years of age; or [] an individual whom the actor believes to be younger than 17 years of age." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021(1), 2005 Tex. Gen. Laws. 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(a)(1) (West Supp. 2016)). It was not a defense that "(1) the meeting did not occur; (2) the actor did not intend for the meeting to occur; or (3) the actor was engaged in a fantasy at the time of commission of the offense." Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws. 4049, 4050 (amended 2015) (current version at Tex. Penal Code Ann. § 33.021(d) (West Supp. 2016)).

In his first issue, Ganung argues that section 33.021 is facially unconstitutional because it is overbroad in violation of the First Amendment. Ganung argues that section 33.021 regulates speech, restricts speech based on content, and is presumptively invalid. According to Ganung, section 33.021 criminalizes protected speech between consenting adults who are engaging in fantasy at the time of the commission of the offense. Ganung contends that subsection (d) eliminates the specific intent requirement to commit an illegal sexual act and prohibits a defendant from availing himself of the defense of engaging in the lawful activity of fantasy. Based on Ganung's premise that the statute is a content-based restriction on protected fantasy speech, Ganung asserts that we must presume the statute is invalid and that the State has the burden to demonstrate its validity. Ganung maintains that the statute is unconstitutional under the strict scrutiny standard applied by the Texas Court of Criminal Appeals in *Ex parte Lo*, and under the categorical approach employed by the United States Supreme Court in *Stevens*. *See United States v. Stevens*, 559 U.S. 460 (2010); *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013).

In issue two, Ganung argues that the statute is unconstitutionally vague in violation of the Fourteenth Amendment. Ganung repeats his issue one arguments that section 33.021 "removes the *mens rea*, intent requirement, by its vague, yet

broad definition of 'minor,' and by precluding the defense of showing the actor's intent." Ganung further argues that section 33.021(d) eliminates the intent element of section 33.021(c), and as a result, section 33.021 forbids solicitation that is not intended to result in a meeting. According to Ganung, people of common intelligence have to guess at the meaning of the statute. Ganung concludes that even if section 33.021 is not overbroad because it punishes constitutionally protected fantasy speech, it would be void for vagueness under the Due Process Clause.

In arguing that the statute is unconstitutional, Ganung criticizes this Court's decision in *Ex parte Victorick*, in which we held that the solicitation-of-a-minor offense punished conduct rather than the content of speech. *See Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *4 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, *Victorick v. Texas*, 135 S.Ct. 1557 (2015). According to Ganung, *Victorick* was wrongly decided. This Court has already determined that section 33.021(c) is a conduct-based statute and does not criminalize protected speech; thus, the statute is not subject to strict scrutiny. *See Victorick*, 2014 WL 2152129, at *1, 4. In *State v. Paquette*, 487 S.W.3d 286 (Tex. App.—Beaumont 2016, no pet.), we reaffirmed our holding in *Victorick* that "section 33.021(c) is not unconstitutionally overbroad

4

and vague." *Paquette,* 487 S.W.3d at 290. In doing so, we declined to revisit our holding in *Victorick*, and we decline to do so now. *See id*. Having rejected the argument that section 33.021 restricts speech based on content, we presume that statute is valid and that the legislature did not act unreasonably in enacting the statute, and it is within that framework that we address Ganung's overbreadth and vagueness arguments. *See Victorick*, 2014 WL 2152129, at *4.

We rejected the argument that the definition of "minor" was unconstitutionally overbroad and vague. *Id.* at *5. We explained that the "fact that the statute defines 'minor' to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the 'overbreadth,' if any, would not be substantial when compared to the compelling and legitimate purpose of the statute." *Id*. We also rejected the argument that section 33.021(c) fails to allow for a defendant to raise the defense that he is engaging in the lawful activity of fantasy. *See Paquette,* 487 S.W.3d at 290. In *Paquette*, we agreed with the First Court of Appeals's holding in *Maloney v. State*, 294 S.W.3d 613 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), which states that the statute does not "'criminalize the act of fantasy, unless, as part of that 'fantasy,' a person engages in the conduct proscribed in Penal Code section 33.021.'" *See Paquette,* 487 S.W.3d at 290

5

(quoting *Maloney*, 294 S.W.3d at 629). In considering that the purpose of the statute is to prevent the sexual exploitation and abuse of children, the First Court stated that "the overbreadth of Penal Code section 33.021 is not substantial when judged in relation 'to its plainly legitimate sweep.'" *Maloney*, 294 S.W.3d at 628 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)). For the reasons stated in *Maloney*, we held that section 33.021(d) does not unconstitutionally foreclose a defendant's ability to assert a fantasy defense. *See Paquette,* 487 S.W.3d at 290.

In issues one and two, Ganung contends that 33.021(d) eliminates the specific intent requirement to commit an illegal sexual act. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 1, sec. 33.021(d), 2005 Tex. Gen. Laws 4050 (amended 2015) (providing that it is not a defense to prosecution under section 33.021(c) that the meeting did not occur, that the actor did not intend for the solicited meeting to occur, or that the actor was engaged in a fantasy at the time of the commission of the offense). According to Ganung, the statute permits conviction even if there is no intent to commit a crime, either because the solicitor knows that the object of his sexual attention is not in fact a child, or because he has no intent for a meeting to occur. We disagree with Ganung's argument that 33.021(d) eliminates the intent element of section 33.021(c).

6

We have already determined that section 33.021(c) is not unconstitutionally vague under the Fourteenth Amendment. *Victorick*, 2014 WL 2152129, at *6. We have also rejected constitutional challenges to sections 32.021(c) and (d). *Paquette,* 487 S.W.3d at 291. In *Paquette*, we explained that

> Section 33.021(c) unambiguously provides that a person is prohibited from 'knowingly' soliciting a minor 'over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service . . . with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.'

*Paquette*, 487 S.W.3d 289 (quoting Tex. Penal Code Ann. § 33.021(c) and *Victorick*, 2014 WL 2152129, at *6). "There is no constitutionally protected right to solicit sexual contact with a recipient who represents that he or she is younger than 17 or a recipient who, the actor believes, is younger than 17, or who is actually younger than 17." *Victorick*, 2014 WL 2152129, at *6. "Accordingly, the statute's 'prohibited behavior is sufficiently clear and subsection (c) would give an ordinary person 'adequate notice' that such conduct is a criminal offense.'" *Paquette*, 487 S.W.3d 289 (quoting *Victorick*, 2014 WL 2152129, at *6).

Section 33.021(c) contains a *mens rea* requirement. *See Victorick*, 2014 WL 2152129, at *4. According to the plain language of the statute, the gravamen of the offense defined by subsection (c) is the knowing solicitation of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact

7

with that person. Tex. Penal Code Ann. § 33.021(c); *see Ex parte Zavala*, 421 S.W.3d 227, 231-32 (Tex. App.—San Antonio 2013, pet. ref'd). "The prohibited conduct is the act of 'soliciting.'" *Zavala*, 421 S.W.3d at 232. The crime of soliciting a minor on the internet under section 33.021(c) is completed at the time of the internet solicitation, and not at some later time if and when the actor actually meets the child. *Id.* (citing *Lo*, 424 S.W.3d at 22-23). Because the requisite intent arises within the conduct of soliciting a minor, "it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation." *Id.* (citing Tex. Penal Code Ann. § 33.021(d)).

"If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity." *Maloney*, 294 S.W.3d at 626. We read section 33.021(c) to require proof of specific intent to meet at the time of the solicitation, and subsection (d) to refer only to the solicitor's intent post-solicitation. *See Ex parte Wheeler*, 478 S.W.3d 89, 95 (Tex. App.—Houston [1st Dist.] 2015, pet ref'd). Thus, we interpret subsection (d) to preclude only a defense on the basis that the solicitor lost the specific intent to

meet or changed his mind about meeting after the solicitation occurred. *See id.* We hold that subsection (d) does not relieve the State of its burden to prove that the defendant had the specific intent at the time of the solicitation. *See id.*; *Zavala*, 421 S.W.3d at 232 (concluding subsection (d) does not negate the intent element of subsection (c)). Thus, we conclude that subsection (d) does not conflict with or negate the intent element of the solicitation-of-a-minor offense defined by (c). *See Zavala*, 421 S.W.3d at 232.

Having rejected Ganung's constitutional challenges to section 33.021, we conclude that the trial court did not err by denying Ganung's motion to quash the indictment. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (applying a *de novo* standard of review to a trial court's decision denying a motion to quash an indictment). We overrule Ganung's two issues and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 3, 2016
Opinion Delivered September 21, 2016
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

9