

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00397-CR

_____

PATRICK SHAWN MCCANN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1540459R

---

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Raising four points, Patrick Shawn McCann appeals his conviction on two felony counts of online solicitation of a minor under the age of 14 by communicating in a sexually explicit manner and one felony count of online solicitation by soliciting a minor to meet to engage in a sexual act. *See* Tex. Penal Code Ann. § 33.021(b)(1), (c), (f). Agreeing with the State's concession that the judgment on the latter count should be reformed to match the indictment, we will sustain McCann's fourth point and reform that judgment; in all other respects, we affirm the judgments below.

### Background

When D.S.[1] was 13, she received a text message from McCann, who was her half-sister's uncle. McCann was trying to reach his niece, whose phone D.S. was now using. D.S.—who had never met McCann—identified herself and told him that she was 13 years old. McCann told D.S. to delete the text messages between them, something D.S. thought was "off."

D.S. took the phone to her mother, H.S., who resumed texting with McCann as if she were D.S., to see what his intent was. During this text exchange between McCann and "D.S.," he asked for photographs of her breasts and asked about oral sex and sexual intercourse; he also proposed meeting in person that evening. Believing

---

[1]We use initials or pseudonyms to identify minors and others in connection with a criminal matter when needed to protect minors' anonymity. *See* Tex. R. App. P. 9.10(a).

that McCann was preparing to actually come meet her daughter, H.S. took the phone to the Keller Police Department and left it with them.

Sergeant Robert Carte then assumed the role of "D.S.," and after a delay of several days, McCann resumed his texting while Sergeant Carte pretended to be a 13-year-old girl. McCann's text correspondence with "D.S." continued for about a week and was blatantly sexual in nature. McCann continued to ask for intimate photographs and tried to set up meetings with "D.S." Sergeant Carte ultimately obtained an arrest warrant for McCann, who turned himself in. Before doing so, he got in touch with his wife,[2] who was out of town.

After sending her a message that he was "completely fucked," McCann explained the situation and claimed that he knew he was being set up. McCann's wife responded to his assertion that he was simply trying to figure out who was on the other end of the texts with some incredulity.[3] She and McCann have a daughter who at the time of these events was almost 13 years old herself.

A grand jury indicted McCann on three counts. Count One alleged that he committed online solicitation of a minor by communicating in a sexually explicit manner by asking for photographs of the bare female breast or breasts of D.S., an

[2]She was his ex-wife by the time the trial started. She separated from McCann as soon as she heard what had happened, and they later divorced.

[3]And as the State argued in closing, "If you know it's a setup, you don't believe it's a 13-year-old, why are you worried about going to jail, over and over again in these text messages?"

individual who was under the age of 14 or an individual whom McCann believed to be under 14. *See id.* § 33.021(b)(1), (f). Count Two alleged that McCann committed online solicitation of a minor by communicating in a sexually explicit manner with a minor by discussing deviate sexual intercourse or sexual intercourse with D.S., an individual younger than 14 or an individual whom McCann believed to be under 14. *See id.* Count Three alleged that McCann committed online solicitation by knowingly soliciting a minor to meet another person, including McCann, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with McCann. *See id.* § 33.021(c).

McCann proceeded to a jury trial after pleading not guilty. The jury found McCann guilty of all three offenses, and he elected to have the trial court assess his punishment. The trial court sentenced McCann to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each offense. All three sentences are running concurrently. McCann timely appealed.

### Points on Appeal

In his first two points, McCann challenges the legal sufficiency of the evidence to support that the named minor complainant was the person solicited (Counts One and Two) and that McCann solicited a minor to meet (Count Three).

In his third point, McCann contends that the trial court abused its discretion by admitting speculative opinion testimony from Sergeant Carte that if McCann had

4

really thought that the text exchange with "D.S." was a setup, McCann would have stopped texting.

In his fourth and final point, McCann contends that the Count Three judgment, which reflects that he was convicted of online solicitation of a minor under the age of 14, should be reformed to match the indictment, which charged him with online solicitation of a minor.

## Discussion

### A. Legal Sufficiency—Points One and Two

In keeping with the parties' analysis, which involves the same standard of review and common argument and authorities, we address Points One and Two together.

#### 1. Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when

5

viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

The standard of review is the same for direct- and circumstantial-evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

Reversal on evidentiary-sufficiency grounds is restricted to the "rare occurrence" when a factfinder does not act rationally. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014) (stating that a reviewing court should not act as a "thirteenth juror").

### 2. A rational jury could find that McCann believed he was soliciting a minor under the age of 14, as Counts One and Two charged. (*Point One*)

It is unlawful for someone over the age of 17 to solicit a minor online if,

> with the intent to commit an offense listed in Article 62.001(5)(A), (B), or (K), Code of Criminal Procedure, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
>
> > (1) communicates in a sexually explicit manner with a minor . . . .

Tex. Penal Code Ann. § 33.021(b)(1). The Penal Code defines a "minor" as someone younger than 17 or someone "whom the actor believes to be younger than 17 years of age." *Id.* § 33.021(a)(1). The online-solicitation offense becomes a second-degree felony if the minor is under 14 or if the actor is communicating with someone "whom the actor believes to be younger than 14 years of age." *Id.* § 33.021(f).

McCann attacks the evidentiary sufficiency of only one of the statutory elements, arguing that the evidence was insufficient to establish that he was soliciting D.S., a minor under 14, and that he was actually texting with her mother and with Sergeant Carte, neither of whom is a minor. That's true as far as it goes, but the other way to commit online solicitation of a minor under 14 is to *believe* that the person on the receiving end is under the age of 14. *See id.*

The State introduced multiple days' worth of text exchanges that illuminate and show McCann's belief that "D.S." was 13. Right off the bat and before turning the phone over to her mother, the real D.S. let McCann know that she was 13. In one of the "D.S." text exchanges that followed, McCann maintained that he was "not old . . . I'm just older than you," to which "D.S." responded, "I'd argue you have [a] kid my age," and McCann acknowledged that his daughter was "[a] year younger." On a different occasion, McCann texted, "I have a daughter your age and y'all would probably get along." McCann also texted "D.S." the following: "Ur 13 I am 40. Why have u not blocked me already," and on another occasion, "Every time you include ur

7

age in a text I get scared." The record contains many other examples in this same vein.

Moreover, McCann repeatedly advised "D.S." to delete their text messages. *See Maloney v. State*, 294 S.W.3d 613, 619 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (noting comparable direction to complainant to erase defendant's phone number from caller ID as part of overall evidence from which jury could reasonably find that defendant believed that complainant was a minor). These instructions for "D.S." to delete texts, combined with McCann's frequently expressed fears of going to jail, lend further evidentiary support to the jury's finding that McCann believed he was soliciting someone who was under the age of 14. *See id.* (noting, also as part of evidence of defendant's belief, his concern that he would be "in trouble" if minor's mother learned of their relationship).

Viewing the evidence in the light most favorable to the verdict, a rational jury, having seen and heard testimony about McCann's texts to "D.S.," could find beyond a reasonable doubt that McCann believed he was soliciting a minor under the age of 14. We overrule McCann's first point.

### 3. A rational jury could find that McCann solicited a minor to meet. (*Point Two*)

In his second point, McCann argues that the evidence is legally insufficient to establish that he solicited a minor to meet. A person commits this offense if

> the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online

> service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c). It is not a defense to prosecution that the meeting did not occur. *Id.* § 33.021(d). Unlike an offense under the just-discussed Section 33.021(f), an offense under Subsection (c) is a second-degree felony whether the minor is under 14 or under 17; being under 17—or the defendant's believing that to be the case—is enough. *Compare id.* § 33.021(f), *with id.* § 33.021(c).

McCann challenges the sufficiency of the evidence to "prove intent to meet beyond a reasonable doubt."

The "gravamen of the offense" under Subsection (c) is the "knowing *solicitation* of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person." *Ex parte Zavala*, 421 S.W.3d 227, 231–32 (Tex. App.—San Antonio 2013, pet. ref'd). This crime "is committed, and is completed, at the time of the request, i.e., the solicitation," and the requisite intent "arises within the conduct of soliciting the minor[] and must exist at the time of the prohibited conduct of solicitation." *Id.* at 232. That is, the offense has been committed even if "the solicitor lost the specific intent to meet or changed his mind about meeting after the solicitation occurred." *Ganung v. State*, 502 S.W.3d 825, 829 (Tex. App.—Beaumont 2016, no pet.); *see* Tex. Penal Code Ann. § 33.021(d).

9

McCann's communications with "D.S." establish the requisite intent. The fact that he later changed his mind—for whatever reason—does not negate his intent at the time he solicited "D.S" to meet for a sexual purpose. McCann asked "D.S." about past experience with oral sex and sought graphic details; referred to his sexual organ as large; and after "D.S." texted "Idk if I could handle . . . a big one," replied, "When can we get together and find out[?]" Although that question in and of itself showed an intent to meet, McCann became more explicit: "It's pretty big and meeting is up to you. I have a very nice vehicle[,] but you would need an excuse to leave the house." He later texted, "Name the time and place[;] I'll bring it to you." McCann and "D.S." had later exchanges as well about meeting on "Thursday" (McCann's idea), and he asked "D.S." where they could meet and at what time.

This evidence (and more) sufficed to prove beyond a reasonable doubt that at the time of the solicitation, McCann intended to meet "D.S.," who he believed was under 17 years old, to engage in sexual activity. The fact that McCann later got cold feet and expressed distrust and fear of being caught is immaterial. *See Ganung*, 502 S.W.3d at 829. The jury heard McCann's defensive theory that he believed he was being set up; in finding instead that he had the requisite intent to meet, the jury chose to give more credence to what he actually wrote to "D.S." The jury's verdict on Count Three was rational, and we thus overrule McCann's second point.

**B. Opinion Testimony—Point Three**

In his third point, McCann contends that the trial court abused its discretion by allowing Sergeant Carte to give his "speculative opinion" that if McCann really thought he was being set up, he would have stopped texting. We disagree.

### 1. Standard of review

We review a trial court's evidentiary rulings under an abuse-of-discretion standard. *See Jenkins*, 493 S.W.3d at 607. A trial judge's decision is an abuse of discretion only when it falls outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). We will uphold an evidentiary ruling if it is correct on any theory of law that applies to the case. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

### 2. The trial court properly overruled McCann's objection.

During Sergeant Carte's testimony, the following exchange occurred:

Q. [State] . . . In your training and experience, in your opinion, does it make sense for the Defendant to continue to text–

[Defense counsel]: Object to speculation, You Honor.

[State]: Can I finish the question, Your Honor?

THE COURT: Let me hear the question.

Q. [State] In your training and experience and in your opinion, does it make sense for this Defendant to continue to text if he knew it was a setup?'

[Defense counsel]: Same objection, Your Honor.

THE COURT: That's overruled.

11

You can answer.

A. No, sir. He should have stopped way before that.[4]

An objection that a question calls for speculation brings into play Rules 602 and 701 of the Texas Rules of Evidence. *See* Tex. R. Evid. 602 ("Need for Personal Knowledge"), 701 ("Opinion Testimony by Lay Witnesses").[5] Ordinarily, testimony not based on personal knowledge is "incompetent" speculation under Rule 602. *Turro v. State*, 950 S.W.2d 390, 403 (Tex. App.—Fort Worth 1997, pet. ref'd). But lay-witness opinion testimony is admissible if it is (a) rationally based on the witness's

---

[4]McCann's wife had had an essentially similar reaction, testifying that she had responded to McCann's claim that he thought he was being set up by asking him in a telephone conversation, "Why would you say the things that you said if you were trying to figure out who it was? Why would you -- why would you make yourself look guilty? Why would you say those things if you were just trying to figure out who it was?" According to her, McCann's response was, "Because I was stupid." After that conversation, McCann texted his wife to say, "I am not a sex offender. I knew I was being set up just not by who[m]." Her to-the-point response was "1. If you knew[,] it doesn't make sense to say anything[.] 2. You shouldn't have been in this situation to begin with."

[5]The State would have us also consider Rule 702, which deals with expert witnesses, and cites *Ellison v. State*, 201 S.W.3d 714, 717, 723 (Tex. Crim. App. 2006) (holding that probation officer, based on her "training and education," was qualified to give expert opinion about defendant's suitability for probation). *See* Tex. R. Evid. 702 ("Testimony by Expert Witnesses"). But "the fact that all police officers have training and experience does not necessarily make them expert witnesses." *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). Although Sergeant Carte had roughly two years' experience working in the crimes-against-children unit, he had worked "very few" online-solicitation cases. Moreover, the State did not sponsor Sergeant Carte at trial as an expert—in fact, he appears on the State's witness list under the "Local Law Enforcement" category, not as one of the State's "Expert Witnesses, Medical Personnel, Custodians, and Civilian Witnesses." Accordingly, we will limit our analysis to Rules 602 and 701.

12

perception and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. *See* Tex. R. Evid. 701; *James v. State*, 335 S.W.3d 719, 723 (Tex. App.—Fort Worth 2011, no pet.); *Turro*, 950 S.W.2d at 403. The perception-based component of Rule 701 "presumes the witness observed or experienced the underlying facts, thus meeting the personal-knowledge requirement of rule 602." *Turro*, 950 S.W.2d at 403. In addition, the requirement that an opinion be rationally based on the witness's perception is composed of two parts: "(1) the witness must establish personal knowledge of the events from which his opinion is drawn and (2) the opinion drawn must be rationally based on that knowledge." *James*, 335 S.W.3d at 723.

Here, as "D.S.," Sergeant Carte texted back and forth with McCann and had personal knowledge of the events from which he offered his opinion. Furthermore, Sergeant Carte's opinion that McCann would have stopped texting sooner had he believed he was being set up was altogether rational as a matter of simple common sense—McCann's own then-wife suggested as much in her communications with McCann. *See id.* at 725–26 (holding no abuse of discretion in trial court's allowing responding officer to opine that defendant's self-defense claim did not "make any sense" based on officer's observations). The trial court did not abuse its discretion when it allowed Sergeant Carte to give a logical opinion based on his observations.

Even if the trial court erred in overruling McCann's trial objection, the error did not affect his substantial rights, as is required for us to reverse for

13

nonconstitutional error. *See* Tex. R. App. P. 44.2(b). "Neither Appellant nor the State has any formal burden to show harm or harmlessness under Rule 44.2(b). Rather, it is the reviewing court's duty to assess harm after conducting a proper review of the record to determine the influence the error had in light of all the other evidence." *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016) (footnote omitted). Generally, the erroneous admission or exclusion of evidence is nonconstitutional error if the trial court's ruling merely offends the rules of evidence. *See Calvert v. State*, No. 02-18-00341-CR, 2020 WL 5241744, at *17 (Tex. App.—Fort Worth Sept. 3, 2020, no pet. h.) (mem. op., not designated for publication). An error affects a substantial right if it has a "substantial and injurious effect or influence in determining the jury's verdict." *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (quoting *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000)).

In view of the evidence supporting the jury's verdict from McCann's own words, the relative innocuousness of Sergeant Carte's commonsense opinion, and McCann's wife's unobjected-to comparable sentiments, we cannot imagine concluding that any error was harmful or had more than a slight effect on the jury. *See* Tex. R. App. P. 44.2(b). We overrule McCann's third point.

## C. Reforming the Judgment on the Section 33.021(c) Conviction—Point Four

Finally, McCann contends that his Count Three judgment—for violating Section 33.021(c)—should be reformed to match the indictment, which matches the statute. The State agrees.

The Count Three judgment lists the offense of conviction as "Online Solicitation of a Minor Under 14 Years of Age," but Count Three of the indictment tracks the elements of Section 33.021(c). As we discussed above, that subsection does not distinguish between an under-17 minor and a minor under 14. Thus, to find McCann guilty of online solicitation of a minor as alleged in the indictment's Count Three, the jury was not required to find that he solicited a minor younger than 14 (or believed that the individual being solicited was younger than 14).

We may correct and reform a trial court's judgment to make the record "speak the truth" when we have the necessary data and information to do so. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We agree that the Count Three judgment should be reformed to reflect that McCann was convicted of "Online Solicitation of a Minor," not "Online Solicitation of a Minor Under 14 Years of Age." Accordingly, we sustain McCann's fourth and final point.

## Conclusion

Having overruled McCann's first three points and sustained McCann's fourth point, we affirm the Count One and Count Two judgments and reform the Count

15

Three judgment to reflect that McCann was convicted of "Online Solicitation of a Minor" and, as modified, affirm the Count Three judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 29, 2020