**Opinion filed December 31, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00043-CR

_____

## BRUCE ALAN GARAND, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR50471**

## M E M O R A N D U M   O P I N I O N

The jury convicted Bruce Alan Garand of online solicitation of a minor. The trial court assessed his punishment at confinement for a term of five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges the conviction in three issues. We modify and affirm.

*Background Facts*

Christopher Lee Estrada is a special agent for the Texas Department of Public Safety assigned to "internet crimes against children and human trafficking." He participates in sting operations throughout the state as a part of his work. He participated in a sting in Midland in July 2017. Agent Estrada testified that advertisements were placed on Craigslist.com that would typically read "I'm bored today. . . . [H]ere's my number. Shoot me a text." The advertisements would say that the person posting it was eighteen and made no reference to sex. Law enforcement agents then communicated with the individuals responding to the advertisement by text messages.

Agent Estrada testified that Appellant began responding to one of the advertisements. Appellant and law enforcement agents posing as a fourteen-year-old girl communicated over the course of three days by text messages. A transcript of the text messages was offered into evidence, and Agent Estrada testified to the contents of the text messages. The text messages revealed that, early in the communications, agents stated that the girl that they were posing as was "almost 15" and that her name was "Crystal."

Prior to learning the purported age of "Crystal," Appellant discussed having sex with her, and he continued discussing having sex after being told that she was "almost 15," going into explicit details of what he would do with "Crystal." He also asked her on more than one occasion if she was a cop, which the agents answered in the negative. Appellant also sent photographs of his penis and asked for "Crystal's" address.

Appellant repeatedly asked "Crystal" for a nude photograph because he was scared that she was a cop.[1]  He also discussed coming to her apartment when he got off work each day for three days in a row.  On the third day, Appellant told "Crystal" that he was "on his way."  "Crystal" told Appellant to bring some strawberry wine coolers.  Agent Estrada testified that officers arrested Appellant shortly thereafter at the apartment to which "Crystal" had directed him.  Appellant had brought strawberry wine coolers with him as requested by "Crystal."  Officers were able to confirm from Appellant's cell phone that he was the person that had been communicating with "Crystal."

*Analysis*

In his first issue, Appellant asserts that his conviction should be set aside because of entrapment.  "Normally, a defense such as entrapment is a question for the jury to decide because it is determined largely by weighing facts and assessing credibility."  *Hernandez v. State*, 161 S.W.3d 491, 498 (Tex. Crim. App. 2005).  Appellant does not complain that the trial court erred by failing to include an entrapment instruction in the charge.  In this regard, Appellant did not request an entrapment instruction.  Appellant appears to be asserting in his first issue that the evidence established entrapment as a matter of law.

Entrapment is a defense to prosecution if (1) the defendant engaged in the conduct charged (2) because he was induced to do so by a law enforcement agent (3) who used persuasion or other means and (4) those means were likely to cause persons to commit the offense.  TEX. PENAL CODE ANN. § 8.06(a) (West 2011); *Bien v. State*, 530 S.W.3d 177, 184 (Tex. App.—Eastland 2016), *aff'd*, 550 S.W.3d

---

[1]In response to his requests, officers texted Appellant photographs of a clothed, young female undercover officer from another state.

3

180 (Tex. Crim. App. 2018). A defendant has the initial burden to produce evidence that raises the defense of entrapment, but when he does, the burden of persuasion shifts to the State to disprove the defense beyond a reasonable doubt. *Hernandez*, 161 S.W.3d at 498; *Bien*, 530 S.W.3d at 184. Entrapment includes both a subjective and an objective component: the defendant must show both that he was actually induced to commit the charged offense and that the persuasion was such as to cause an ordinarily law-abiding person of average resistance to commit the crime. *England v. State*, 887 S.W.2d 902, 913–14 (Tex. Crim. App. 1994); *Bien*, 530 S.W.3d at 184. "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." PENAL § 8.06(a); *Bien*, 530 S.W.3d at 184.

As noted in *Hernandez*, the defense of entrapment is normally a question for the jury to decide. 161 S.W.3d at 498. However, a defendant may also attempt in a pretrial hearing to establish entrapment as a matter of law. *Id.* Assuming Appellant can assert entrapment as a matter of law on appeal without asserting it at trial, the evidence in this case does not establish entrapment as a matter of law.

"The subjective element requires evidence that 'the accused himself was actually induced to commit the charged offense by the persuasiveness of the police conduct.'" *Id.* at 497 n.11 (quoting *England*, 887 S.W.2d at 913 n.10)). The evidence in this case does not show that Appellant was induced by police conduct to commit the offense of solicitation of a minor. At most, the conduct of the officers in this case created an opportunity to commit the offense. *See Bien*, 530 S.W.3d at 184. Appellant was the person who first brought up the possibility of engaging in sexual conduct with "Crystal," both before and after he was told by "Crystal" that she was a minor.

With respect to the objective element, the "persuasion" of the officers in this case was not such that would cause "an ordinarily law-abiding person of average

4

resistance nevertheless to commit the offense."[2] *Hernandez*, 161 S.W.3d at 497 n.11 (quoting *England*, 887 S.W.2d at 914). The officers that communicated with Appellant did not use any of the prohibited forms of police conduct identified in *Hernandez*: "pleas based on extreme need, sympathy, pity, or close personal friendship, offers of inordinate sums of money, and other methods of persuasion that are likely to cause the otherwise unwilling person[—]rather than the ready, willing and anxious person[—]to commit an offense." *Id.* Accordingly, we overrule Appellant's first issue.

In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction. He contends that there was insufficient evidence to establish that he had the requisite *mens rea*. Appellant contends that, "at worst, [he] may have intended to meet with an adult female or 'fantasized.'" Appellant appears to also be asserting that he could not be guilty of the offense of online solicitation of a minor if he had a mistaken belief that he was communicating with a minor. He also contends that the evidence was insufficient because he "was induced and entrapped into committing this act."

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a

---

[2]DPS Special Agent Michelle Wilson testified that, of the 415 individuals that responded to the initial Craigslist.com posts, only nine of them continued pursuing the purported minor to the point of being arrested.

reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence submitted at trial, including pieces of evidence that the trial court may have improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 788.

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

As charged in this case, a person commits the offense of online solicitation of a minor when "the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." PENAL § 33.021(c) (West

6

2016).[3] The statute defines "minor" as "(A) an individual who is younger than 17 years of age; or (B) an individual whom the actor believes to be younger than 17 years of age." *Id.* § 33.021(a)(1).

The gravamen of the offense under subsection (c) is the knowing solicitation of a minor to meet a person, with the intent that the minor will engage in some form of sexual contact with that person. *Ganung v. State*, 502 S.W.3d 825, 828 (Tex. App.—Beaumont 2016, no pet.). "The prohibited conduct is the act of 'soliciting.'" *Ex parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.—San Antonio 2013, pet. ref'd). The crime is completed at the time of the online solicitation, and the requisite intent arises within the conduct of soliciting. *Ganung*, 502 S.W.3d at 828 (citing *Zavala*, 421 S.W.3d at 232).

The indictment alleged that Appellant knowingly solicited Agent Estrada "online" to meet with the intent that Agent Estrada would engage in sexual contact with Appellant and that Appellant believed that Agent Estrada was younger than seventeen at the time. A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. PENAL § 6.03(b). Appellant is essentially challenging the evidence that he solicited "Crystal" to engage in sexual contact or that he believed that "Crystal" was a minor.

The transcript of the text messages between Appellant and "Crystal" is replete with references to "Crystal's" purported age as a minor and Appellant's desire to meet with her to engage in sexual contact. Appellant is the person that initiated the discussion of having sex with "Crystal," and his discussion of sex continued after

---

[3]Appellant was charged and convicted with committing an offense under Section 33.021(c). However, the judgment incorrectly lists the offense for which Appellant was convicted as the offense set out in Section 33.021(b).

7

"Crystal" told Appellant that she was "almost 15." Appellant expressed concern in the text messages about Crystal's age, and he repeatedly asked her if she was a police officer. He also asked her to send a nude photograph because of his concern about her young age. During a phone call with a female officer posing as "Crystal" prior to his arrival at the apartment, Appellant also expressed his concern that "Crystal" was underage.

Agent Estrada and another officer interviewed Appellant upon his entry into the apartment. The officers told Appellant that "Crystal's" mother had contacted them after the mother found her cell phone with the text message exchange between "Crystal" and Appellant. The State offered a recording of the interview into evidence. During the interview, Appellant confirmed that he believed that "Crystal" was fourteen or fifteen and that, if the officers were not there, he would have probably had sex with "Crystal" despite her being a minor. An officer asked Appellant if this was some type of fantasy or game on his part, to which Appellant shook his head "no."

The evidence offered at trial establishes that Appellant had the requisite *mens rea* to commit the offense of online solicitation of minor under Section 33.021(c). The text messages, the recording of the phone call, and the recorded interview of Appellant refute his assertions on appeal that he thought he was going to meet with an adult female or that he was just engaging in fantasy.

Furthermore, Appellant's assertion of a mistake of fact regarding his belief of "Crystal's" age does not defeat the requisite *mens rea* for committing the offense. Under the definition of "minor" set out in Section 33.021(a)(1)(B), a person is guilty of the offense of online solicitation of a minor if he mistakenly believes that the person that he solicits is younger than seventeen. Thus, the statute effectively precludes a defense based on a mistake of fact about the other person's age so long

8

as the actor subjectively believed that the person was younger than seventeen. *See* PENAL § 8.02(a) (a defendant is only entitled to an instruction for the defense of mistake of fact if the mistaken belief negates the culpable mental state of the offense); *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013).

Finally, Appellant challenges the sufficiency of the evidence on the basis of his allegation of entrapment. However, Appellant did not request an instruction on the defense of entrapment. Had the trial court included an entrapment instruction, we would review the jury's rejection of it by determining if the jury could have found against Appellant on the entrapment issue beyond a reasonable doubt. *See Bien*, 530 S.W.3d at 183. For the reasons stated in our disposition of Appellant's first issue, the evidence would have permitted the jury to find against Appellant on an entrapment issue beyond a reasonable doubt. The evidence simply does not show entrapment under either the subjective or objective elements.

We conclude that the evidence was sufficient to support Appellant's conviction for online solicitation of a minor because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. We overrule Appellant's second issue.

In his third issue, Appellant contends that his trial counsel was ineffective for failing to request an instruction on entrapment. To establish that counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct

9

fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

To determine whether Appellant's trial counsel was deficient for failing to seek an instruction on entrapment, we must first consider if Appellant was entitled to the instruction. *See Jones v. State*, No. 01-12-00604-CR, 2013 WL 5521958, at *2 (Tex. App.—Houston [1st Dist.] Oct. 3, 2013, no pet.)(mem. op. (not designated for publication) (citing *Strickland*, 466 U.S. at 687). "[W]hen a defendant raises the defense of entrapment at trial, he has the burden of producing evidence to establish every element of that defense." *Hernandez*, 161 S.W.3d at 497. In this case, Appellant did not present a prima facie case of an entrapment defense. As we have previously noted, the evidence does not establish entrapment under either the subjective or objective elements. Accordingly, Appellant was not entitled to an entrapment instruction, and his trial counsel was not ineffective for not seeking an

entrapment instruction. *See Jones*, 2013 WL 5521958, at *2–4. We overrule Appellant's third issue.

## *This Court's Ruling*

We modify the judgment of the trial court to reflect that Appellant was convicted of the offense of online solicitation of a minor as specified in Section 33.021(c). As modified, we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

December 31, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.